**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ANGELA D DOWLING, | § | |
|     **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| LEGACY AT CYPRESS | § | **A-23-CV-1263-RP-ML** |
| APARTMENTS, TRI ARC, | § | |
|     **Defendant.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.        REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

1

pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed without prejudice under 28 U.S.C. § 1915(e).  Therefore, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this Report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.      REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint.  Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with

meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff brings suit against Defendant for "criminal acts," including breaking and entering, assault and battery, domestic violence, armed robbery, vandalism, contempt, perjury and disobeying court orders. Dkt. 1. The court previously ordered Plaintiff to file a More Definite Statement to describe what acts Defendant did that violated her rights, which rights were violated, the dates of those violations, and what relief she seeks.[1] Dkt. 4. Plaintiff promptly filed a brief elaborating on her claims. Dkt. 7. This suit stems from the rental eviction of Plaintiff by her apartment complex and the removal of her property from the apartment. *Id*. Plaintiff asserts the eviction was wrongful and unlawful. *Id*. However, Plaintiff fails to state a claim over which this court has jurisdiction.

Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. The second circumstance in which a federal court has jurisdiction is frequently termed diversity jurisdiction. *See generally* 28 U.S.C. § 1332 (setting out the elements required for jurisdiction based on "diversity of citizenship"). "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003).

Plaintiff has alleged only state-law claims against Defendant. Because Defendant is a private entity and not a state actor, Plaintiff's claims are not federal in nature. Plaintiff has not

---

[1] Plaintiff filed two nearly identical cases against the same defendant, 1:23-CV-1263 and 1:23-CV-1255. Plaintiff was also ordered to explain how the two cases were different. Plaintiff filed nearly identical briefs in both cases but did not explain how the cases are different. Accordingly, the court submits identical Reports and Recommendations in both cases.

alleged any facts that would support diversity jurisdiction.  Accordingly, the court does not have federal question or diversity jurisdiction. The undersigned will recommend that Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction.

### III.    ORDER AND RECOMMENDATIONS

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2).    The Magistrate Court **RECOMMENDS** the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Court should now be canceled.

### IV.    WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED November 1, 2023.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

4